**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LACINA KANDE,<br>Petitioner,<br><br>v.<br><br>JAMAL L. JAMISON, et al.,<br>Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>: | Civil No.: 2:26-cv-06057-JMG |

**ORDER**

**AND NOW**, this 21st day of August, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1) and the Respondents' Response to Petition for Writ of Habeas Corpus (ECF No. 2), **IT IS HEREBY ORDERED** as follows:

1. The Petition (ECF No. 1) is **GRANTED**;[1]

[1] Mr. Kande has resided in the United States since he entered on or around June 12, 2023. *See* Pet. for Habeas Corpus ¶ 18. When he entered the United States in 2023, he was apprehended by the Department of Homeland Security ("DHS"). DHS detained and processed Mr. Kande, commenced removal proceedings, and released him to live in Philadelphia, Pennsylvania. *See id.* ¶ 19. He has since complied with all conditions of his removal proceedings and release. *See id.* ¶ 21. Mr. Kande has attended each hearing, checked in with Immigration and Customs Enforcement ("ICE") at his scheduling appointments, and submitted an asylum application. *See id.* During his check-in scheduled for August 18, 2026, DHS officials took Mr. Kande into custody without giving him prior notice or an opportunity to contest his detention *See id.* ¶ 22.

Although Respondents do not restate their arguments in detail, they continue to rely on the same arguments they have previously presented before courts in this District. Respondents contend that Mr. Kande is an "applicant[] for admission" and necessarily "seeking admission" within the meaning of those phrases under Section 1225(b)(2)(A), which authorizes his until he has been admitted or until his removal proceedings are complete. Respondents also argue that Mr. Kande's detention meets constitutional due process requirements for the reasons that Respondents previously argued, and Mr. Kande does not challenge the reasonableness of his detention under *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 211 (3d Cir. 2020).

The vast majority of federal courts, including this Court, have consistently rejected those arguments. *See, e.g.*, *Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*,

2. Mr. Kande is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

3. The Government shall **RELEASE** Mr. Kande from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on August 24, 2026;

4. If the Government chooses to pursue re-detention of Mr. Kande pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

5. The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025). The Court rejects it again today and concludes that Mr. Kande's mandatory detention without the opportunity for a bail hearing is unlawful.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.